## John S. Leonard *vs.* William Bryant & others.

Where the tenant in a real action is out of the state, and there is no place of his last and usual abode here known to the demandant, it is essential to the rendition of a valid judgment in such action, that the writ should be served in the manner required by the Rev. Sts. *c.* 90, § 47, and that the action should be continued and notice given, as required by the Rev. Sts. *c.* 92, § 3.

The officer, who levies an execution on real estate, is not authorized by the Rev. Sts. *c.* 73, § 3, to appoint an appraiser for the debtor, when the debtor is not resident within the state, but only when he neglects to appoint one; and where the officer appoints an appraiser for the debtor, the reason thereof must appear in the return, either in the words specified in § 23 of the same chapter, or in equivalent lan guage ; otherwise the levy will be invalid.

Where the certificate of appraisers, on an execution levied on real estate, contained a recital of the appraisers "having been first sworn according to law," and the officer's return stated that he had caused the appraisers " to be sworn as above," it was held, that the certificate and return were sufficient in this respect, within the Rev. Sts. *c.* 73, § 23.

Where land, which has been conveyed fraudulently as against creditors, is levied upon by a creditor of the grantor, and such creditor thereupon brings a writ of entry against the grantee to recover possession of the land, the grantee may defend against the action, by showing that the levy is void for some defect therein

THIS was a writ of entry, dated March 25th, 1846, which was tried before *Dewey,* J., in this court.    The title to the demanded premises (a lot of land in Cabotville) was admitted to have been in Chester Denison, on the 24th of April, 1841.

 · The demandant claimed title to the premises in virtue of a warranty deed from Chester Denison to George G. Denison, dated April 24th, and recorded April 29th, 1841, and a warranty deed from George G. Denison to himself, dated March 27th, 1844, and recorded July 29th, 1845.

The tenants, in the first place, claimed title in virtue of a judgment in their favor, in a writ of entry brought by them for the recovery of the demanded premises against George G.

Denison and one Henry M'Ginney. The writ was dated August 19th, 1844, and was entered at the September term following, and judgment rendered thereon at the same term, upon default and without continuance and notice. A writ of possession issued on the judgment, March 3d, 1845, and was duly executed by the delivery of the demanded premises to the tenants.

The officer's return on the writ was as follows: "Aug. 19, 1844, I attached a chip, the property of said defendant, and left a summons at the last and usual place of abode of said M'Ginney, for his appearance at court, and I also left at the same place a summons for said Denison, to appear at court, said M'Ginney being the tenant or agent of said Denison."

Denison was described in the writ as of Springfield, otherwise of Hartford, in the county of Hartford, and state of Connecticut, and was not an inhabitant, or a resident, of this state, at the time, although he had been so previously, namely, in 1841. He had no last and usual place of abode in Massachusetts, at the time, and no evidence was offered, by either party, to prove where he was on the 19th of August, 1844. M'Ginney was tenant at will of the premises, having been put in possession by Denison, previous to the date of his deed to Leonard.

The demandant objected to the judgment as invalid, because the service of the writ was insufficient, and also because judgment was rendered upon default at the first term, without continuance and notice. The court sustained the objection.

The tenants then claimed title under a judgment recovered by them in an action commenced against Chester Denison, by a writ dated August 27th, 1841, returnable at the next October term of the court of common pleas, on which they caused the real estate of the defendant therein named to be attached. Judgment was rendered for the plaintiffs in this action at the return term, and an execution was issued on the same dated October 27th, 1841, which, by a return thereon, dated November 23d, 1841, was levied on the demanded premises as the property of Chester Denison.

The certificate of the appraisers was as follows : " We, the subscribers, freeholders of the county of Hampden, being chosen to appraise such real estate as should be shown to us as the property of the within named Chester Denison, the debtor, to satisfy this execution, having been first sworn according to law, have viewed," &c.

The officer returned, that he had " caused three disinterested and discreet persons, freeholders of said county, to be sworn as above, viz. : C. H. chosen by the creditors, E. R. and W. C. chosen by myself, the debtor not being a resident within the commonwealth."

The plaintiff objected, that the levy was defective and void, 1st, because the officer did not show sufficient cause for appointing two appraisers ; and, 2d, because the return did not show that the appraisers were sworn before a justice of the peace, faithfully and impartially to appraise, &c.

The defendants contended, that the plaintiff was not entitled to avoid the levy on this ground, if the conveyance to him was fraudulent and void, as against the defendants, who were creditors. But the court overruled the objection.

The defendants contended, that the deed to the plaintiff could not operate to pass the estate, because, at the time of its delivery, if the delivery was at the time they alleged, the land was in the possession of the defendants, under their writ of possession ; and that there was no evidence, in point of law, of the delivery of the deed, at the time of its date, or at any time prior to the possession of the defendants in virtue of their writ of possession, or of any delivery of the deed upon the land. But the court ruled, that the proof of the handwriting of the grantor and of the deceased witness, and the testimony of the other subscribing witness, as to the time of the making of the signature, together with the possession of the deed by the grantee, at the time of trial, and the recording of the deed by the grantee, were competent evidence upon which the jury might find a due execution and delivery, at the time of the date of the deed, in March, 1844. The court ruled, *pro forma*, that the levy was defective and **void.**

If, in the opinion of the whole court, all the rulings above mentioned were right, the tenants are to be defaulted, and judgment is to be entered for the demandant; otherwise such disposition is to be made of the case, as the decision of the court upon the several points therein shall require.

*J. Wells,* for the demandant.

*R. A. Chapman,* for the tenants.

DEWEY, J.    This case has been heretofore under the consideration of the court (11 Met. 371), when it was held, that it was competent for the demandant, by plea and proof, to avoid the judgment obtained by the tenants against George G. Denison and one M'Ginney, to recover possession of the premises demanded in this action; there being no such privity of estate between the present demandant and Denison and M'Ginney, as would authorize the demandant to maintain a writ of error upon that judgment.

Upon the last trial, the demandant insisted in avoidance of that judgment, that there had been no proper service of the writ, and that the default of the tenant in that action, and the judgment entered therein, were unauthorized by law.   The proceedings were said to be void, because Denison was out of the state at the time of the service of the writ, being then resident at West Hartford in the state of Connecticut, and because judgment was rendered by default at the first term, without further notice ordered by the court; the only service being an attachment of a chip, the property of the defendant, and a summons left at the usual place of abode of M'Ginney for said Denison and M'Ginney, the latter being described in the return as "the agent or tenant of said Denison."

The demandant relies upon the provisions of the Rev. Sts. *c.* 90, §§ 47 and 48, and *c.* 92, § 3.   The section first named, § 47 of *c.* 90, requires, that "In all real actions, if the defendant or tenant in the action is out of the state, and if there is no place of his last and usual abode here, known to the demandant, the summons, or an attested copy of it, shall, in addition to any other service required, be left for him with the tenant or occupant of the demanded premises, if there be

any, and if not, it shall be left in some conspicuous place on the premises." By § 48, "In all cases, where the defendant is out of the state at the time of the service of the summons, he shall, in addition to the service thereof, as herein prescribed, be entitled to further notice of the suit as provided in the ninety-second chapter." By *c.* 92, § 3, "If the defendant is not an inhabitant or resident within the state, &c., the court, upon suggestion thereof being made, and upon the facts appearing by the officer's return on the writ, shall order the action to be continued from term to term, until notice of the suit shall be given in such manner as the court may order."

We are all of opinion, that, upon a proper construction of these statute provisions, notice of the suit should have been ordered, and the case continued from term to term, until such notice had been given; and that the service in the mode stated in § 47 of *c.* 90, is not sufficient; the tenant being out of the commonwealth. It follows, therefore, that the judgment rendered in favor of the present tenant against Denison and M'Ginney was not properly rendered, and, when offered by the tenant as a bar to the present action, may be avoided by the demandant for that cause. That judgment being avoided, the merits of the titles of the respective parties to the present suit are fully open to inquiry.

The demandant claims under a conveyance from Chester Denison to George G. Denison, dated April 24th, 1841, and recorded April 29th, 1841; and a deed from George G. Denison to the demandant, dated March 27th, 1844, and recorded July 29th, 1845. The tenants claim under an attachment of the premises, in an action in their favor against Chester Denison, made on the 27th of August, 1841, and a levy thereon, November 23d, 1844, on the ground, that the conveyance by Chester Denison to George G. Denison was without consideration and in fraud of the grantor's creditors, and therefore void as respects them.

The demandant, by way of avoidance of the title of the tenants, alleges that this levy is ineffectual to pass any title, in the first place, because the return of the officer does not

show a sufficient cause for the appointment by him of two appraisers thereon ; as the only reason assigned therefor in the return is, " the debtor not being a resident within the commonwealth."

The authority conferred upon the officer to appoint an appraiser is a limited one, and only to be exercised in the cases specified in the statute. The Rev. Sts. *c.* 73, § 3, provide, that, " in case the debtor shall neglect to appoint one, the officer shall appoint one for him,' and § 23 requires the officer to set forth, in his return, " that the appraisers were appointed by himself, and the creditor and debtor, or that the debtor neglected to appoint one, and the officer appointed one for him, as the case may be." This the officer has not done in the present case. The words of the certificate, " that the debtor not being resident within the commonwealth," are insufficient. The debtor, though not a resident within the state, properly so considered, but transiently here, might be in readiness to appoint an appraiser personally, or, though absent and a non-resident, he might have named a person as appraiser, and informed the officer of such selection ; or he might act through some authorized agent or attorney, in selecting an appraiser ; in all which cases, the officer would not have been authorized to appoint an appraiser for the debtor, upon the ground of his neglect so to do. The statute has made it a condition precedent to the appointment of an appraiser by the officer, in behalf of the debtor, " that the debtor neglected to appoint one ; " and this fact should appear and is required in the return by Rev. Sts. *c.* 73, § 23. This is essential to the validity of the levy. This form of stating the fact is very simple ; and either this or something equivalent must appear from the return. There is not enough stated in this return to show the appraisers to have been legally appointed ; and, for this cause, we are all of opinion that the levy is invalid.

This renders it unnecessary, for the decision of the present case, to express an opinion upon the further objection taken to this levy, namely, that it does not sufficiently appear, on

this return or any certificate accompanying the levy, that the appraisers were duly sworn. But the point having arisen in the case, and having been fully argued, I will state the opinion of a majority of the court as to that objection.

The return of the officer states generally the fact, that "the appraisers were first sworn according to law," using substantially the language of the Rev. Sts. *c.* 73, § 23. This general form of return would have been insufficient before the passing of the revised statutes. *Chamberlain* v. *Doty,* 18 Pick. 495. But we think that § 23 of *c.* 73 of the Rev. Sts. fully warrants the more general form of return adopted by the officer in the present case. It is not to be understood, that we came to this result, under any assumption, that all that is required to be stated in the return of the officer is to be found specified in this section. This clearly is not so ; as the names of the appraisers should be stated, as well as that they were "discreet and disinterested persons," and all other facts necessary to show a good levy. But as to the return of the administration of the oath to the appraisers, that having been particularly provided for by § 23, we think the certificate and return thereof, in the general manner prescribed in that section, is sufficient. We are not certain that any change of the law in this respect was intended by the commissioners for the revision of the statutes, by this section ; but the section itself well authorizes this form of a return ; and, as it seems to secure fully the rights of the parties, we are of opinion, that this levy would not have been invalid by any deficiency in the return in that respect.

It was further insisted by the tenants, that the demandant was not entitled to avoid the levy for any defect therein, if the conveyance under which the demandant acquired his title was a *voluntary* conveyance, and one that might be avoided as fraudulent as respects the creditors of the grantor. This position, we all think, is untenable. The grantor of the demandant might himself avoid the levy for any legal defect in the return. As respects his title, the levy is nugatory; not being in accordance with the statute. The title thus remain-

ing in the debtor, unaffected by the levy, he may transmit the estate to a third person ; and as between the grantee and himself, the conveyance is operative without any consideration. It is sufficient to pass the title as against the grantor and his heirs. If any creditor of the grantor would avoid the deed, as made without consideration, and therefore fraudulent as respects creditors, he must do so by an extent upon the land by a levy duly made, which would avoid such voluntary deed of the debtor ; but until such valid levy is made, the title of the grantee under a voluntary conveyance will prevail.

The result, therefore, is, that the tenants' title to the demanded premises is invalid, and the demandant is entitled to judgment.                              *Tenants defaulted.*